UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRIC WILKES,

        Plaintiff,

v.

PATRICIA CARUSO, ROBERT MULVANEY,
JIM ARMSTRONG, BLAINE LAFLR,
ERIC BALCARCEL, PATRICK MERRY, and
FRED FUNSTON,

        Defendants.
_____/

CASE NO. 05-CV-72898-DT
HONORABLE GERALD E. ROSEN
MAGISTRATE JUDGE SCHEER

### ORDER
### (1) GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, (2) WAIVING PREPAYMENT OF THE FILING FEE AND DIRECTING PAYMENT OF THE INITIAL PARTIAL FILING FEE AND SUBSEQUENT PAYMENTS, AND (3) DIRECTING SERVICE WITHOUT PREPAYMENT OF COSTS AND AUTHORIZING THE UNITED STATES MARSHAL TO COLLECT COSTS AFTER SERVICE IS MADE

This is a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at Alger Maximum Correctional Facility in Munising, Michigan. Defendants are employed by the Michigan Department of Corrections. Currently pending before the Court is Plaintiff's motion for relief from judgment and request to proceed without prepayment of the fees and costs for this action. A brief chronology of this case follows to demonstrate why Plaintiff's motion must be granted.

Plaintiff filed his complaint on July 25, 2005. On the same day, the Clerk of Court returned Plaintiff's check, because it was written for an insufficient amount. Plaintiff was asked to remit a check or money order for the correct amount by August 8,

2005. Plaintiff alleges that, when the check arrived in the prison, mail room officials kept it because he was neither the payer, nor the payee. The Court was unaware of this action by prison officials, and, on October 17, 2005, the Court ordered Plaintiff to prepay the filing fee or to apply for leave to proceed without prepayment of the filing fee. Plaintiff alleges that, on November 2, 2005, he submitted a motion to proceed *in forma pauperis* to a prison official for mailing to the Clerk of this Court. The Court did not receive the application, and on December 13, 2005, the Court dismissed the case without prejudice for failure to comply with the Court's order to correct the deficiency.

Plaintiff then moved for relief from judgment. Exhibits to the motion confirm Plaintiff's allegation that he submitted a motion to proceed *in forma pauperis* to a prison official on November 2, 2005. The motion was posted on November 3, 2005. The Court has no record of the motion, and Plaintiff concedes that the motion may never have left the prison. However, it appears that Plaintiff made a good faith effort to correct the procedural deficiency, which prompted the Court to dismiss his complaint. Accordingly, the motion for relief from judgment [Doc. #5, Jan. 11, 2006] is GRANTED. Although the Court did not enter a judgment in this case, the order of dismissal is VACATED, and the Clerk of Court is directed to re-open this case.

It is further ordered that Plaintiff's application to proceed without prepayment of the filing fee for this action is GRANTED. Plaintiff must pay the full filing fee for this civil action. 28 U.S.C. § 1915(b)(1). The Court must assess and, if funds exist, collect an initial partial filing fee, consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's account, or (2) the average monthly balance in Plaintiff's account for the preceding six (6) months. Id. The initial partial filing fee in this

case is **$24.00**. After Plaintiff pays the initial partial filing fee, he must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).

The Court ORDERS the agency having custody of Plaintiff to: (1) withdraw or set aside the initial partial filing fee from Plaintiff's trust fund account; (2) forward this amount to the Clerk of this Court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the Clerk of this Court until Plaintiff has paid the entire filing fee of $250.00. The Court will notify the agency having custody of Plaintiff when Plaintiff has paid the entire filing fee.

The United States Marshal is ORDERED to serve the appropriate papers in this case on the defendants without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

The Court ORDERS Plaintiff to serve a copy of all future documents on the defendants or on defense counsel if legal counsel represents the defendants. Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to the defendants or to defense counsel. The Court will disregard any paper received by a District Judge or a Magistrate Judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

Dated: SEP 1 8 2006

GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE

## CERTIFICATION

I certify that, on the date indicated below, I arranged for service as provided above, and I mailed a copy of this order to plaintiff.

_____
Deputy Clerk

Dated: SEP 2 9 2006