UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRIC WILKES,

    Plaintiff,                     CIVIL ACTION NO. 05-72898

v.                              DISTRICT JUDGE GERALD E. ROSEN

PATRICIA CARUSO,           MAGISTRATE JUDGE DONALD A. SCHEER
ROBERT MULVANEY, JIM
ARMSTRONG, BLAINE
LAFLER, ERICK BALCARCEL,
PATRICK MERRY, and
FRED FUNSTON,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment in this prisoner civil rights case should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

\*    \*    \*

Plaintiff, while a state prisoner at the Alger Maximum Correctional Facility (LMF) in Munising, Michigan,[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on July 25, 2005, against the above named defendants, who are employed by the Michigan Department of Corrections (MDOC). The Defendants include Patricia Caruso (Director of the MDOC), Robert Mulvaney (MDOC Security Threat Group Coordinator), Blaine Lafler (Warden of the Saginaw Regional Correctional Facility (SRF)), Eric Balcarcel (Deputy Warden at SRF), Jim Armstrong (Third Step Grievance Coordinator), Fred Funston (First

---

[1] Plaintiff is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan.

Step Grievance Respondent/Investigator) and Patrick Merry (Inspector at SRF), who were sued in their individual and official capacities.

Plaintiff accused these defendants of retaliating against him for exercising his right to file lawsuits and grievances against them. He also claimed that defendants were motivated to punish him for his religious affiliation with the Moorish Science Temple of America. Retaliation allegedly took the form of reclassifying him to a higher security level. Plaintiff claims that he became ineligible for certain prison jobs, and was unable to participate in community residential placement, due to his reclassification in March 2003, as a member of a Security Threat Group (STG). In addition, Plaintiff alleges that the number of visitors he was allowed to have every month was reduced while he was on STG status, and that he was restricted to one hour of recreational activities every day. Plaintiff asserts that he was transferred to Saginaw Correctional Facility in March 2003, as a result of his STG designation, but that he was never given a hearing to challenge his transfer to the higher security level facility. Claiming violation of his First Amendment (access to the courts and free exercise of religion), due process and equal protection rights, Plaintiff seeks declaratory relief and compensatory damages.

Defendants filed a Motion for Summary Judgment on August 10, 2007, based upon a failure to state a claim and qualified immunity. In an attached affidavit, Defendant Patrick Merry stated that he recommended that Plaintiff be designated as a STG member on March 11, 2003, based on his observed association with prisoners known to pose a security threat to the safety of staff and other inmates. Confidential informants had identified Plaintiff as a leading member of this dangerous group. He was also found to be in possession of contraband documents, by-laws, rosters, hit lists, address books and other

items of non-publication nature. (See Defendant Merry's affidavit, Exhibit 8 to Defendants' Motion For Summary Judgment and Member ID List at p. 42 of Complaint).

As a result of his STG designation, Plaintiff was placed in a higher security level, such that his visitation was restricted and his job assignments had to be approved by the Deputy Director's Office of the MDOC. Plaintiff was eventually transferred to Saginaw Correctional Facility, a facility equipped to house higher security level prisoners. Plaintiff filed a Reply to Defendants' Motion for Summary Judgment on August 27, 2007, in which he essentially reiterated the allegations found in the Complaint.

SUPERVISORY RESPONSIBILITY

To state a claim for monetary damages under § 1983, a claimant must aver some specific, personal wrongdoing on the part of the individual defendant. Theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). In addition, it is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishment Clause. Whitley v. Albers, 475 U.S. 312, 319 (1986).

MDOC Director Caruso, MDOC Security Threat Group Coordinator Mulvaney, SRF Warden Lafler and SRF Deputy Warden Balcarcel were apparently sued because of their respective positions of authority and supervisory responsibilities within the MDOC. However, the mere fact that a supervisory person is in a position of authority does not allow imposition of liability against him or her. A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988).

Plaintiff also sued Defendants Armstrong and Funston, due to their alleged failure to respond to his grievances. The general rule is that a combination of knowledge of a prisoner's grievances and failure to respond to or remedy the complaints is insufficient to impose liability upon supervisory personnel under § 1983. <u>Id</u>.

Defendants Caruso, Mulvaney, Lafler and Balcarcel were merely part of the MDOC administration during the relevant time, and there is no evidence that any "policy" personally promulgated by them had anything to do with Plaintiff's treatment. Moreover, Plaintiff has not shown that the Defendants had "actual knowledge of a breakdown in the proper workings of the department." See <u>Hill v. Marshall</u>, 962 F.2d 1209, 1213 (6th Cir. 1992). Absent a showing that they were personally or directly involved, Defendants Caruso Mulvaney, Lafler, Balcarcel, Armstrong and Funston should not be held liable. Accordingly, the claims against them should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

<u>CLAIM OF RETALIATION</u>

There are two categories of retaliation claims--general claims of retaliation and claims alleging that an individual was retaliated against for the exercise of specific constitutional rights. In <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378 (6th Cir. 1989) the Sixth Circuit clarified the elements of each category and supplanted previous cases that had blurred the lines between the two. General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment. To state a successful case of general retaliation, a prisoner must establish "an egregious abuse of governmental power" or behavior that "shocks the conscience." <u>Id</u>. at 387. In the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been

4

in cases where, for example, a prison official issued death threats against an inmate while holding a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him. See Cale v. Johnson, 861 F.2d 943, 950-51 (6th Cir. 1988) (citing cases).

The second category of retaliation claims involves allegations that state officials penalized an individual for the exercise of a specific constitutional right. In such cases, an inmate bears a lesser burden, and is only required to establish the following three elements: (1) the inmate engaged in protected conduct, (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. Thaddeus-X, 175 F.3d at 394-395. Plaintiff has the burden of proving all three elements. He must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

Even if it is assumed, without deciding, that Plaintiff satisfied the first two elements listed above, he has failed to allege sufficient facts to establish the third. He has done nothing more than simply allege retaliation without establishing a causal connection. See Thaddeus-X, 175 F.3d at 399-400.

While an inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf, Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir. 1996), this right is protected only if the grievances are not frivolous. Lewis v. Casey, 518 U.S. 343,

353 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."). Contrary to Plaintiff's assertion that he was reclassified to STG status in retaliation for filing a grievance against Defendant Merry and because of his religious affiliation, he was actually reclassified to a higher security status because of his observed associations with other STG members.

A prisoner has no independent constitutional right to a particular institutional classification or placement, and due process does not require that he be given a hearing before a change is ordered, even if such action might result in confinement under less desirable or favorable conditions.[2] Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Plaintiff has identified no state created, protected liberty interest entitling him to a hearing to challenge his custody level. Hewitt v. Helms, 459 U.S. 460, 466 (1983).

Even if there were a due process right to a hearing before Plaintiff was classified to higher custody, in damage suits for deprivation of liberty without procedural due process under § 1983, the claimant has the burden of pleading and proving the inadequacy of state remedies to redress the alleged wrong. Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983); Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir. 1985) (en banc); Wells v. Brown, 891 F.2d 591, fn. 1 (6th Cir. 1989). This Plaintiff has not done so.

---

[2] While Plaintiff alleged that his STG status affected his eligibility for particular job assignments, prisoners have no constitutional right to employment. Newsome v. Norris, 888 F.2d 371, 374 (6th Cir. 1989).

All Plaintiff has presented is what he says Defendant Merry did, coupled with the fact that he had previously filed a grievance against him. From that he jumps to the conclusion that what the Defendant did was <u>because</u> of his prior litigation. However, speculation is no substitute for hard evidence. Since Plaintiff has failed to show that his filing of the grievance was a substantial or motivating factor behind his treatment, and in light of his leadership role among STG members, the undersigned is not persuaded that Plaintiff has overcome Defendant Merry's affidavit of good faith actions.

Plaintiff having failed to show a causal connection, that is, that he was reclassified to a higher security status because of his grievance against Defendant Merry, or that he suffered a remediable harm, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant Complaint dismissed.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Rosen's acceptance thereof is waived.

DATED: October 18, 2007        s/Donald A. Scheer
                               DONALD A. SCHEER
                               UNITED STATES MAGISTRATE JUDGE

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 18, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 18, 2007. **Frederic Wilkes.**

                               s/Michael E. Lang
                               Deputy Clerk to
                               Magistrate Judge Donald A. Scheer
                               (313) 234-5217